## CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

Amy H. Lucy

v.

Kia Motors America, Inc.

April 15, 1999

Case No. (Law) 26146-EH

BY JUDGE EDWARD L. HUBBARD

This matter comes before the court on the Plaintiff's Motion for Judgment alleging breach of warranty and violation of the Motor Vehicle Warranty Enforcement Act ("Lemon Law") by Defendant and upon the Demurrer filed by the Defendant.

Plaintiff took delivery of and accepted a vehicle from Defendant, which Plaintiff leased through Bank One Acceptance Corporation. The vehicle was covered by a written warranty supplied by Defendant and other warranties implied by law. Plaintiff now seeks to revoke acceptance under the Virginia Motor Vehicle Warranty Enforcement Act ("Lemon Law"), § 59.1-207.9, *et seq.*, Code of Virginia, 1950, as amended, and recover damages under that act and under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* Defendant demurs and states as grounds that neither the Magnuson-Moss Warranty Act nor the Virginia Motor Vehicle Warranty Enforcement Act applies to a lease situation. Defendant further states its position is supported by the 1998 amendment to the Virginia Motor Vehicle Warranty Enforcement Act which added the words "or the lessee" to the definition of "consumer" and replaced the term "lease purchase" with "leased" in the definition of "Motor Vehicle." Plaintiff claims the amendment was for purpose of clarification, as the act originally enacted in 1984 always covered a lease situation.

The court has reviewed the authorities as submitted by the parties, the applicable accepted tenets of statutory construction, the applicable pleadings,

and the relevant State and Federal code sections. As a result, the court overrules the Demurrer of Defendant based on the following.

The intent of the Legislature is easy to ascertain in the case of the Virginia Motor Vehicle Warranty Enforcement Act. As rarely done, it is set out in a specific section of the Act (§ 59.1-207.10, Code of Virginia, 1950, as amended) and in clear language indicates the General Assembly believes that "a good faith motor vehicle warranty complaint by a consumer should be resolved by the manufacture, or its agent, within a specific period of time." Further, it is "the intent of the General Assembly to provide the statutory procedures whereby a consumer may receive a replacement motor vehicle, or a full refund, for a motor vehicle which cannot be brought into conformity with the express warranty issued by the manufacturer." If the present situation involves a "consumer" with a "motor vehicle" covered by a "warranty," the situation falls within the cited intent if we assume for purposes of the Demurrer the motor vehicle cannot be brought into conformity with the warranty.

The word "consumer" is defined in § 59.1-207.11.

1. A purchaser, other than for resale, of a motor vehicle;

2. "Any person to whom such motor vehicle is transferred;"

3. "Any *other* person entitled by the terms of such warranty to enforce the obligations of the warranty." (Emphasis added.)

It is clear from the language describing the third category that the Legislature contemplated someone other than a "purchaser" being able to recover under the Act. It is also clear from the Motion for Judgment that a warranty was given by the Defendant and applicable to the Plaintiff as set forth in the lease agreement and specifically in the written warranty supplied by the Defendant and produced in response to Defendant's Motion to Crave Oyer. As further evidence of the applicability of the warranty by Defendant to Plaintiff, the Motion for Judgment alleges that claims were made by Plaintiff under said warranty and same were accepted and addressed by Defendant without objection on several occasions. The Court finds that Plaintiff is a consumer under the Act prior to and after the 1998 amendment. Defendant argues that the language in the Intent section of the Act (§ 59.1-207.10) which states that "the General Assembly recognizes that a motor vehicle is a major consumer purchase" limits the act to seller-buyer arrangements and eliminates leases. Defendant also argues that lease arrangements only became covered in 1998 when the amendment added the words "or the lessee" to the definition of "consumer"; however, the court would note that the General Assembly did not change the sentence in the Intent section which contained the word "purchase"

at the time of the amendment. It is clear to the Court that if the Legislature had considered the word "purchase" as limiting the covered transactions to only those involving sales (seller - buyer), it would not have left that sentence unchanged in light of the "lease" word interjected into the "consumer" definition. It is more logical that the "lease" arrangement was contemplated under the original Intent as set forth, as same was unchanged with the addition of the words "or the lessee" in the "consumer" definition.

There should be no question but that the vehicle involved is a motor vehicle as defined in § 59.1-207.11. It is certainly a passenger car as defined in § 46.2-100, Code of Virginia, as amended, and although considered superfluous here by the court, a *lease-purchase* vehicle with which a warranty was issued. Although considered superfluous language to define the vehicle in this case, as same is adequately defined by the first line of the definition of "Motor Vehicle" under § 59.1-207.11, the language in the third and fourth line of the said definition which refers to a lease-purchase vehicle "with which a warranty was issued" is further evidence that a lease arrangement was contemplated by the General Assembly when the original Act was codified.

From the court's finding as to the inclusion of the Plaintiff in the definition of "consumer" in the Virginia Motor Vehicle Warranty Enforcement Act, it follows that the court would find the Plaintiff's suit falls under the Magnuson-Moss Warranty Act, as it contains a parallel definition of a consumer.